IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:13-cv-266

| | |
|---|---|
| TRUSTEE SERVICES OF CAROLINA, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| MICHAEL G. DARAGJATI, | )     ORDER<br>) |
| Defendant, | )<br>)<br>) |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | )<br>)<br>) |
| Movant. | |

This matter comes before the court on movant's motion to remand (DE 3). Defendant has not responded. In this posture, the issues raised are ripe for adjudication. For the reasons that follow, the court orders remand.

**BACKGROUND**

Defendant, filing *pro se*, removed this action to this court on December 12, 2013. Attached to the notice of removal is an amended notice of hearing ("Amended Notice"), filed by plaintiff in Brunswick County Superior Court on November 18, 2013, regarding the foreclosure of certain real property owned by defendant. The Amended Notice, attached to defendant's notice of removal, informs that movant is the current holder of a deed of trust securing an original principal debt of

$131,840.00.[1]

In his notice of removal, defendant alleges that he is a citizen of the state of New York, and that plaintiff is a citizen of North Carolina. Defendant further alleges that, "Upon information and belief, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." (DE 1, p. 3). On February 11, 2014, movant filed the instant motion to remand, asserting that plaintiff has not established that the amount in controversy exceeds $75,000. In the alternative, movant argues that the court should abstain under the doctrine established in Burford v. Sun Oil Co., 319 U.S. 315 (1943).

## DISCUSSION

A.  Standard of Review

A civil action which is brought in state court, but over which the federal courts have original jurisdiction, may be removed by a defendant to the district court embracing the place where the action is pending. 28 U.S.C. § 1441(a). A motion to remand for lack of subject matter jurisdiction may be brought at any time. 28 U.S.C. § 1447(c); Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996).

B.  Analysis

Unless a case involves specialized issues, federal district courts may assert jurisdiction either on the basis of diversity of citizenship, 28 U.S.C. § 1332, or the existence of a federal question. 28 U.S.C. § 1331. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Defendant has not alleged that this case presents a federal question, nor is there any reason to believe that the case arises under the "Constitution, laws, or treaties of the United States" as federal question jurisdiction requires. 28 U.S.C. § 1331.

---

[1] Movant, as the holder of the promissory note, is "the real party in interest in [the] foreclosure proceeding." See Suntrust Morg., Inc. v. Busby, 651 F. Supp. 2d 472, 490-91 (W.D.N.C. 2009).

Diversity jurisdiction exists in cases between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1). The party seeking removal carries the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). In most cases, the "sum claimed by the plaintiff controls" the amount in controversy determination. JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010). In the state court documents accompanying the notice of removal, however, plaintiff does not expressly state any amount sought. In such cases, where the complaint fails to allege a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151.

Here, defendant's only basis of removal is the statement in the notice for removal that "upon information and belief, the amount in controversy exceeds the sum or value of $75,000." Defendant offers no explanation for how he calculated this amount in controversy. He did not respond to the motion to remand. Such an unsupported statement, once challenged, cannot by itself establish diversity. See McNutt v. General Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936) ("If [the party seeking jurisdiction's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof."); Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 45 (M.D.N.C. 1996) (conclusory statement in notice of removal could not establish diversity, even when supported by written offer by plaintiff to settle for amount equal to the jurisdictional amount-in-controversy); see also Allen v. Dance, No. 3:09-cv-192, 2009 WL 2855716 (W.D.N.C. Sept. 1, 2009) ("A defendant must offer more than a bare allegation that the

amount in controversy exceeds $75,000.").

Where movant asserts that defendant cannot meet the amount in controversy requirement, and where plaintiff has not provided explanation of the amount asserted, plaintiff has not met his burden to establish subject matter jurisdiction. Accordingly, the court lacks subject matter jurisdiction, and movant's motion to remand must be GRANTED.

## CONCLUSION

For the foregoing reasons, Movant's motion to remand (DE 3) is GRANTED. This matter is hereby REMANDED to the General Court of Justice, Superior Court Division, Brunswick County, North Carolina.

SO ORDERED, this the 8th day of April, 2014.

LOUISE W. FLANAGAN
United States District Judge